# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| | |
|---|---|
| Case No. CV 07-2611 ABC (RCx) | Date September 19, 2007 |
| Title Mark R. McKinnis, et al. v. Kellogg USA | |

Priority  Send ✓  Enter ✓  Closed ✓  JS-5/JS-6 ✓  JS-2/JS-3 ___  Scan Only ___

**THIS CONSTITUTES NOTICE OF ENTRY AS REQUIRED BY FRCP, RULE 77(d).**  Priority Send

Present: The Honorable Audrey B. Collins

| Daphne Alex | Not Present | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** Defendant's Motion to Dismiss Plaintiff's First Amended Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(6) (In Chambers)

Pending before the Court is Defendant Kellogg USA's ("Defendant's") Motion to Dismiss Plaintiffs Mark R. McKinnis and Darleen McKinnis's ("Plaintiffs'") First Amended Complaint, filed on July 12, 2007. Plaintiffs originally opposed on August 14, 2007, but withdrew that opposition because of an erroneous assumption on the hearing date. They filed a replacement opposition on August 27, 2007. Defendant replied on September 10, 2007. The hearing in this matter is currently set for September 24, 2007, but the Court finds this matter appropriate for resolution without oral argument and VACATES the September 24, 2007 hearing date. Fed. R. Civ. Proc. 78; Local Rule 7-15. After consideration of the materials submitted by the parties and the case file, the Court GRANTS Defendant's motion to dismiss. Because the Court has previously allowed Plaintiffs to amend their Complaint after granting Defendant's first motion to dismiss, the Court hereby DISMISSES Plaintiffs' First Amended Complaint ("FAC") with prejudice.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs filed their original complaint on April 19, 2007, and Defendant filed a motion to dismiss on June 5, 2007. Plaintiffs failed to oppose that motion and the Court granted it on June 21, 2007 and dismissed Plaintiffs' complaint. The Court granted Plaintiffs leave to file an amended complaint and Plaintiffs did so on June 27, 2007.

Defendant manufactures a cereal called "Froot Loops," which Plaintiffs purchased from time to time over the past four years. Plaintiffs allege that three aspects of the front panel of the box for this cereal misleadingly suggest that the cereal contains actual fruit: (1) the use of the word "Froot" in the name; (2) the depiction of brightly colored rings of cereal that Plaintiffs claim resemble fruit; and (3) the depiction of illustrate fruit around a banner stating "NATURAL FRUIT FLAVORS," which they claim is in "disproportionately small type." The ingredients listed on the side panel of the box make clear that the cereal contains no actual fruit.

Plaintiffs, a married couple, allege that they wanted to purchase healthy cereal for their children, so they

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-2611 ABC (RCx) | Date | September 19, 2007 |
|---|---|---|---|
| Title | Mark R. McKinnis, et al. v. Kellogg USA | | |

purchased this product because they believed that, based on front panel of the cereal box, that the cereal contained actual fruit.[1] They did not read the side panel of the Froot Loops box, which displays the ingredients. Rather, Plaintiffs learned of the absence of fruit in an article in the Los Angeles Times published on January 26, 2007, which discussed a study by the Strategic Alliance for Healthy Food and Activity Environments. This study examined the real fruit content of children's food and drink products and concluded that many products contained little, if any, real fruit despite packaging that suggested the presence of fruit.

In the FAC, Plaintiffs allege violations of the California Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 et seq., the California False Advertising Law ("FAL"), Cal. Bus. & Prof. Code § 17500, et seq., and the California Consumer Legal Remedies Act ("CLRA"), Cal. Civil Code § 1750, et seq., as well as claims for negligent misrepresentation, breach of express warranty, and unjust enrichment.

## II. LEGAL STANDARD

A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in the complaint. See Fed. R. Civ. Pro. 12(b)(6). In ruling on a Rule 12(b)(6) motion to dismiss, the Court must accept as true all material allegations in the complaint, as well as reasonable inferences to be drawn from them. See Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to plaintiff. See id. However, the Court need not accept as true any unreasonable inferences, unwarranted deductions of fact, or conclusory legal allegations cast in the form of factual allegations. See, e.g., Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). In short, a complaint need not contain detailed factual allegations, but it must allege facts sufficient to raise a right to relief that rises above the level of mere speculation and is plausible on its face. See Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1965, 1969 (2007) (clarifying that the rule announced in Conley v. Gibson, 355 U.S. 41, 45-46 (1957) – that a complaint should not be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief" – "described the breadth of opportunity to prove what an adequate complaint claims, not the minimum standard of adequate pleading to govern a complaint's survival.").

Moreover, in ruling on a 12(b)(6) motion, a court generally cannot consider material outside of the complaint (e.g., those facts presented in briefs, affidavits, or discovery materials). See Branch v. Tunnell, 14 F.3d 449, 453 (9th Cir. 1994). A court may, however, consider exhibits submitted with the complaint. See id. at 453-54. Also, a court may consider documents which are not physically attached to the complaint but "whose contents are alleged in [the] complaint and whose authenticity no party questions." Id. at 454. Further, it is proper for the court to consider matters subject to judicial notice pursuant to Federal Rule of Evidence 201. See Mir, M.D. v. Little Co. of Mary Hospital, 844 F.2d 646, 649 (9th Cir. 1988).

---

[1] Although Plaintiffs also allege they were misled by Defendant's advertising, they point to no advertising to support this claim. Plaintiffs' complaint is silent on any allegation other than the depictions on the front panel of the cereal box, and the Court limits their claims to those specific representations.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 07-2611 ABC (RCx) | Date | September 19, 2007 |
|---|---|---|---|
| Title | Mark R. McKinnis, et al. v. Kellogg USA | | |

## II. REQUEST FOR JUDICIAL NOTICE

Federal Rule of Evidence 201 allows a court to take judicial notice of facts that are either "(1) generally known within the territorial jurisdiction of the trial court; or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Defendant has attached four color reproductions of the panels of four boxes of Froot Loops that were sold within the four years that encompass Plaintiffs' claims. Plaintiffs do not dispute the accuracy of these boxes and, in fact, base their claims on them. The Court may properly notice these boxes for the purposes of this motion. See Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1555 n.19 (9th Cir. 1990).

## III. ANALYSIS

Defendant advances four arguments to undermine the merits of Plaintiffs' claims in the FAC. First, Defendant argues that the reasonable consumer would not be misled by the front panel of the Froot Loops box into believing that the cereal contains actual fruit, which is fatal to Plaintiffs' UCL, FAL, and CLRA claims. Second, Defendant argues that Plaintiffs' negligent misrepresentation claim fails because they have not sufficiently alleged a misrepresentation on which they justifiably relied. Third, Defendant argues that Plaintiffs' breach of express warranty claim fails because the front panel of the Froot Loops box does not make any "affirmation of fact or promise" that the product fails to fulfill. Finally, Defendants claim that unjust enrichment not a cause of action in California, so this claim must also fail.

Defendant also argues that Plaintiffs' claims are pre-empted by the federal Food, Drug, and Cosmetic Act. The Court notes that a similar issue is currently pending before the California Supreme Court. See In re Farm Raised Salmon Cases, 142 Cal. App. 4th 805 (2006), rev. granted, 149 P.2d 473 (Cal. Dec. 13, 2006). Because the California Supreme Court will address this question and the Court agrees with Defendant on its arguments as to the merits of Plaintiffs' FAC, the Court need not decide the question of pre-emption.

### A. Plaintiffs' Claims under the UCL, FAL, and CLRA

In order to state a claim under the UCL, FAL, or CLRA, Plaintiffs must allege that statements or other representations appearing on Defendant's product labels are likely to deceive a reasonable consumer. See Freeman v. Time, Inc., 68 F.3d 285, 289 (9th Cir. 1995); Williams v. Gerber Prods. Co., 439 F. Supp. 2d 1112, 1115 (S.D. Cal. 2006); Consumer Advocates v. Echostar Satellite Corp., 113 Cal. App. 4th 1351, 1360 (2003). If an alleged misrepresentation would not deceive a reasonable consumer or amounts to mere puffery, then any cause of action having deception as an element may be addressed, as a matter of law, on a motion to dismiss. See Haskell v. Time, Inc., 857 F. Supp. 1392, 1399 (E.D. Cal. 1994). The term "likely" indicates that deception must be probable, not just possible. See Freeman, 68 F.3d at 289. The primary evidence in a matter alleging a misleading statement on product packaging is the packaging itself. See Brockey v. Moore, 107 Cal. App. 4th 86, 100 (2003).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-2611 ABC (RCx) | Date | September 19, 2007 |
|---|---|---|---|
| Title | Mark R. McKinnis, et al. v. Kellogg USA | | |

California courts have defined the "reasonable consumer" as an ordinary member of the consuming public who acts reasonably under all of the circumstances. See Lavie v. Procter & Gamble Co., 105 Cal. App. 4th 496, 510, 512 (2003). While a reasonable consumer may be unwary or trusting, unless a challenged statement deliberately targets a particular disadvantaged or vulnerable group, it is still judged by the effect it would have on a reasonable consumer. See id. at 506; Haskell, 857 F. Supp. at 1399.

Plaintiffs allege that three characteristics of the front panel of the Froot Loops box have misled them into believing that the cereal contains actual fruit: (1) Defendant's use of the word "Froot" in the name of the cereal; (2) depiction of brightly colored ring-shaped cereal resembling fruit; and (3) illustrations of fruit surrounding the banner stating "NATURAL FRUIT FLAVORS." These characteristics, Plaintiffs allege, "have a capacity, tendency, or likelihood to deceive or confuse members of the general public regarding the contents and nutritional value of the Product and the true ingredients and nutritional value thereof," (Compl. ¶ 24), specifically that that Defendant's cereal contains actual fruit.

According to Defendant, the visual depiction of the Froot Loops cereal at issue here was substantially similar for all Froot Loops cereal boxes over the last four years. On these boxes on the front panel, the words "FROOT LOOPS" are prominently displayed in large capital letters, with the o's depicted as pieces of the brightly colored ringed cereal. In much smaller type next to the name are the words "SWEETENED MULTI-GRAIN CEREAL". A small banner is printed on the front panel of the boxes that reads "NATURAL FRUIT FLAVORS," which is surrounded by small illustrations of a lime, an orange slice, a lemon, cherries, a raspberry, and a blueberry. A bowl of the ringed-shaped colored cereal with milk is also displayed on each box. Nowhere on the box does the word fruit appear, other than in the banner "NATURAL FRUIT FLAVORS," and no photographs of fruit or other graphical representations of fruit are located on the box, other than next to the "NATURAL FRUIT FLAVORS" banner. The ingredients for Froot Loops are printed on the side panel of the box, and fruit is not listed among them.[2]

Even taking Plaintiffs' allegations as true, as the Court is required to do, Plaintiffs have failed to state any claim. First, the product's name is spelled F-R-O-O-T, and while this might be a fanciful take on the word F-R-U-I-T, it appears in the trademarked name of the cereal, not on its own or as a description of the actual ingredients of the cereal itself. No reasonable consumer would view the trademark "FROOT LOOPS" name as describing the ingredients of the cereal. Second, Plaintiffs' allegation that the cereal pieces themselves resemble fruit is not rational, let alone reasonable. The cereal pieces are brightly colored rings, which in no way

---

[2]Those ingredients are: sugar; corn flour; wheat flour; oat flour; partially hydrogenated vegetable oil (one or more of: coconut, cottonseed, and soybean); salt; sodium ascorbate and ascorbic acid (vitamin C); niacinamide; reduced iron; natural orange, lemon, cherry, raspberry, blueberry, lime and other natural flavors; red #40; blue #2; zinc oxide; yellow #6; turmeric color; pyridoxine hydrochloride (vitamin B6); blue #1; riboflavin (vitamin B2); thiamin hydrochloride (vitamin B1); annatto color; vitamin A palmitate; BHT (preservative); folic acid; vitamin B12; vitamin D.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 07-2611 ABC (RCx) | Date | September 19, 2007 |
|---|---|---|---|
| Title | Mark R. McKinnis, et al. v. Kellogg USA | | |

resemble any currently known fruit. As a matter of law, no reasonable consumer would view them as depicting any fruit. Third, the small "vignettes" of fruit surrounding the "NATURAL FRUIT FLAVORS" banner could not mislead the reasonable consumer. For one, the depiction of fruit on a product label is not a specific affirmation that a products contains any fruit at all. FDA regulations permit illustrations of fruit on product label to indicate that product's "characterizing flavor," even where the product contains no ingredients derived from the depicted fruit. See 21 C.F.R. § 101.22(i)(1)(i-iii). Froot Loops contains the "NATURAL FRUIT FLAVORS" of lime, orange, lemon, cherry, raspberry, and blueberry, as disclosed in the ingredients panel, rendering any depiction of fruit "vignettes" on the box entirely accurate and permissible under FDA regulations.

The front panel of the box clearly and accurately describes the product as a "SWEETENED MULTI-GRAIN CEREAL," not any sort of fruit-based cereal, and the side panel lists all of the ingredients, which do not include fruit. Plaintiffs cannot claim surprise over these labels, which have long been required on food products and are familiar to a reasonable consumer. See 21 C.F.R. § 101.9 (providing, with few exceptions, that "nutrition information relating to food shall be provided for all products intended for human consumption and offered for sale"). A reasonable consumer, even on the most cursory review of the Froot Loops box, could not, as a matter of law, be misled into believing that the cereal contains actual fruit. "Where a consumer can readily and accurately determine the nutritional value and ingredients of a product, and the product packaging does not affirmatively mislead the consumer by means of specific representations, no reasonable consumer would be . . . deceived by depictions of fruit and fruit-like substances on the primary packaging label." Williams, 439 F. Supp. 2d at 1116.

Thus, the Court finds the characteristics of the Froot Loops box challenged by Plaintiffs are not deceptive as a matter of law. As a result, Plaintiffs' First, Second, and Sixth Causes of Action are dismissed.

### B.  Plaintiffs' Claims for Negligent Misrepresentation

Negligent misrepresentation is the assertion of a false statement, honestly made in the belief it is true, but without reasonable ground for such belief. Cal. Civ. Code, §§ 1572, 1710; Bily v. Arthur Young & Co., 3 Cal. 4th 370, 407-08 (1992). In order to make out a claim for negligent misrepresentation, a plaintiff must allege, inter alia, that the defendant negligently provided false information and that the plaintiff reasonably relied on that false information to his detriment. See Maneely v. Gen. Motors Corp., 108 F.3d 1176, 1181 (9th Cir. 1997); see also Garcia v. Super. Ct., 50 Cal. 3d 728, 734-35 (1990).

As noted earlier, a manufacturer may place pictures of fruit on its product labels even when those products contain no actual fruit. The depiction of fruit on a label is not indicative of the presence of fruit or the particular percentage of fruit content in a product. See 21 C.F.R. § 101.22(i)(1)(i-iii). Where a product is merely fruit-flavored, a manufacturer may depict fruit on a product label to indicate this, especially as Defendant did, surrounding the prominent banner "NATURAL FRUIT FLAVORS". Moreover, Defendant's product labels indicate that fruit flavors are used as ingredients, which correspond precisely with the fruit depicted on the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 07-2611 ABC (RCx) | Date | September 19, 2007 |
|---|---|---|---|
| Title | Mark R. McKinnis, et al. v. Kellogg USA | | |

front panel of the box. As a result, there is no false information on which to base a claim of negligent misrepresentation. Even assuming, arguendo, that the characteristics of the Froot Loops box constitute misrepresentations, Plaintiffs cannot establish justifiable reliance because, again, Plaintiffs cannot establish that the reasonable consumer would rely on these representations in assuming that Froot Loops contains actual fruit. Plaintiffs' claim is further undermined by a quick glance at the side panel of the Froot Loops box, which reveals the precise ingredients in Froot Loops. Thus, Plaintiffs have failed to allege facts sufficient to support a negligent misrepresentation claim, and their Third Cause of Action is therefore dismissed.

### C. Plaintiffs' Claims for Breach of Express Warranty

To state a claim under a theory of breach of an express warranty, Plaintiffs must allege facts sufficient to show that Defendant made affirmations of fact or promises that became part of the basis of the bargain between the parties. See Cal. Com. Code § 2313(1); Pisano v. American Leasing, 146 Cal. App. 3d 194, 197-98 (1983). A description of the goods can create an express warranty as long as that description became part of the basis of the bargain between the parties. See Cal. Com. Code § 2313(1)(b). Plaintiffs allege that the characteristics of the Froot Loops box constituted a representation of fact and a promise by Defendant that Froot Loops "was a substantially fruit-based product represented by the characterizing flavor." (Compl. ¶ 50.) As discussed above, the Froot Loops box contains no misrepresentations that the cereal contains fruit; at most, Defendant represented that the cereal contains "NATURAL FRUIT FLAVORS" of lime orange, lemon, cherry, blueberry, and raspberry, which, upon a cursory glance at the nutrition information printed on the box, is an entirely accurate statement. Absent a representation that Froot Loops contains actual fruit, Plaintiffs have failed to allege sufficient facts to make out a claim for breach of an express warranty, and their Fourth Cause of Action is therefore dismissed.

### D. Plaintiffs' Claim for Unjust Enrichment

There is no cause of action for unjust enrichment in California; rather, unjust enrichment is a basis for obtaining restitution based on quasi-contract or imposition of a constructive trust. See McKell v. Washington Mut., Inc., 142 Cal. App. 4th 1457, 1490 (2006). Quasi-contract can serve as the basis for the equitable remedy of restitution where one party obtains a benefit which he may not justly retain. See McBride v. Boughton, 123 Cal. App. 4th 379, 388 n.6 (2004). In essence, quasi-contract is an obligation created by law, without regard to the parties' intentions, which is designed to restore the aggrieved party to his former position. Id. Defendant has not been unjustly enriched, and Plaintiffs are not entitled to a constructive trust, because, as discussed in detail above, Plaintiffs have failed to state any substantive claim against Defendant. In the absence of an underlying substantive claim, Plaintiffs' "claim" for unjust enrichment fails and their Fifth Cause of Action dismissed.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-2611 ABC (RCx) | Date | September 19, 2007 |
|---|---|---|---|
| Title | Mark R. McKinnis, et al. v. Kellogg USA | | |

## IV. CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss is GRANTED. Plaintiffs have already had the opportunity to file the FAC following the Court's dismissal of their original complaint and, based upon the Court's discussion above, any further amendment would be futile as a matter of law. See Mir v. Fosburg, 646 F2d 342, 347 (9th Cir. 1980) ("[A] district court has broad discretion to grant or deny leave to amend, particularly where the court has already given a plaintiff one or more opportunities to amend his complaint[.]"); Miller v. Rykoff-Sexton, Inc., 845 F.2d 209, 214 (9th Cir. 1988) ("A motion for leave to amend may be denied if it appears to be futile or legally insufficient."). The Court DISMISSES all claims in the FAC with prejudice.

**IT IS SO ORDERED.**

Initials of Preparer  da